UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF VIRGINIA

DOUGLAS M. LOY
2303 14th Street NW
Apt 617
Washington, DC 20009
    Plaintiff,
v.

THE DIOCESE OF ARLINGTON,
200 North Glebe Road
Arlington, VA 22203

SAINT AGNES CATHOLIC SCHOOL
2024 North Randolph Street
Arlington, VA 22207
    Defendants.

1:18-cv-1162-LO/JFA

## COMPLAINT

Plaintiff Douglas Loy ("Plaintiff" or "Mr. Loy"), through his attorneys at the Clark Law Group, PLLC, hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to The Diocese of Arlington ("Diocese") and Saint Agnes Catholic School's ("Saint Agnes") (collectively, "Defendants") actions in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* for unlawful discrimination against Mr. Loy based on his age and protected activity.

2. This is also a challenge to Defendants' wrongful termination of Mr. Loy in retaliation for reporting potential child abuse by a teacher, in violation of public policy.

3. Defendants also terminated Mr. Loy without cause, thereby breaching Defendants' employment agreement with Mr. Loy.

4. Defendants also Mr. Loy's picture without his authorization in violation of Va. Code Ann. § 8.01-40.

## JURISDICTION AND VENUE

5. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. The United States District Court for the Eastern District of Virginia has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law and Plaintiff's civil rights.

7. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8. The Court may properly maintain personal jurisdiction over Defendants because the Defendant conducts business in the Commonwealth of Virginia.

9. Venue is properly laid in the Division because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND STATUTE OF LIMITATIONS

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADEA as follows:

    a. On June 14, 2018, Plaintiff submitted a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

    b. On June 14, 2018, the EEOC issued a Notice of Right to Sue.

    c. Plaintiff has filed his complaint within 90 days of receipt of the Notice of Right to Sue.

    d. On August 23, 2018, Plaintiff submitted a complaint of retaliation with the EEOC.

    e. On September 6, 2018, the EEOC issued a Notice of Right to Sue.

    f. Plaintiff has filed his complaint within 90 days of receipt of the Notice of Right to Sue.

12. Plaintiff's state claims have no exhaustion requirement.

## PARTIES

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Mr. Loy is a resident of Washington, D.C.

15. Mr. Loy was born in 1964.

16. Mr. Loy is a former employee of Defendants.

17. Defendants are employers as defined by the ADEA.

18. The Diocese is an organization whose duties include the administration of Catholic schools throughout Arlington County.

19. Saint Agnes is a Catholic school in Arlington, Virginia.

20. On information and belief, The Diocese supervises the administration of personnel for Saint Agnes.

21. Defendants are joint employers.

## FACTUAL ALLEGATIONS

22. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

23. In 2001, Mr. Loy started his employment with Defendants at Saint Agnes Catholic School as a social studies and history grade school teacher.

24. Between 2001 and 2017, Mr. Loy and Defendants annually executed a one-year employment contract.

25. On April 23, 2017, Mr. Loy executed his last employment contract with Defendants ("Contract").

26. The Contract identified the parties as Mr. Loy and Saint Agnes.

27. The Contract stated that Saint Agnes was administered under the Saint Agnes Parish, a member church of the Diocese.

28. The Contract titled was: "Diocese of Arlington, Contract of Employment for: ELEMENTARY EDUCATIONAL PERSONNEL (For Catholic Schools in the Diocese of Arlington).

29. Mr. Loy was employed as a "lay teacher."

30. Mr. Loy enrolled in the Dioceses' retirement and healthcare plans for lay employees.

31. The Dioceses maintains separate retirement and healthcare plans for religious employees.

32. Defendants' characterized Mr. Loy's status as a "Professional Employee."

33. Mr. Loy's primary duties were not religious in nature.

34. In 2017, Mr. Loy was fifty-three (53) years old.

35. Throughout his almost seventeen-year employment at the Saint Agnes School, Mr. Loy consistently received accolades from his supervisors.

36. In or around October 20, 2017, Mr. Loy received a positive evaluation.

### **Ms. Kuzdzal and Ms. Carr Made Repeated Ageist Comments Against Mr. Loy**

37. In or around late April 2017, Principal Kris Carr stated that Mr. Loy he should not use emails to communicate with her or other staff because his generation cannot use email properly.

38. In in or around April 2017, Mr. Loy met with Assistant Principal Jennifer Kuzdzal about student assignments for the next school year and specifically asked why he was assigned more students than other teachers in similar positions.

39. Ms. Kuzdzal stated Mr. Loy was assigned more students because he was more "experienced."

40. In or around June 2017, Mr. Loy also asked Ms. Carr why he was assigned more students than other teachers.

41. Ms. Carr similarly responded that it was because Mr. Loy was more "experienced."

42. In or around June 19, 2017, Ms. Carr stated that current technology was beyond the capability of someone like him.

43. Mr. Loy considered these statements by Ms. Carr and Ms. Kuzdzal to be comments about his age.

44. Throughout the 2017-2018 school year, Ms. Kuzdzal repeatedly made other ageist remarks.

45. Ms. Kuzdzal repeatedly stated that Mr. Loy "couldn't change."

46. Ms. Kuzdzal repeatedly stated that "people like you need to stay with what you know."

47. Ms. Kuzdzal repeatedly stated that it took Mr. Loy "a long time to do things."

48. In or around August 21, 2017, Ms. Carr and Ms. Kuzdzal repeatedly praised Mr. Sullivan and Ms. Bournigal for their "youthful potential" and ability to learn "new" things.

49. On information and belief, Mr. Sullivan' age is between twenty-three and twenty-five.

50. On information and belief, Ms. Bournigal's age is approximately thirty-nine.

51. On or around February 1, 2018, Ms. Carr stated that Mr. Loy looked "tired."

52. On or around February 14, 2018, Mr. Loy learned that Ms. Carr was teaching her students that society hates "old people."

### Mr. Loy Reported Potential Abuse

53. On or around January 17, 2018, Mr. Loy was approached by three female students at Saint Agnes.

54. The students told Mr. Loy that another teacher, Mr. Handerhan, had been inappropriately touching them.

55. Mr. Loy reported the students' complaint of child abuse to Ms. Carr.

56. Mr. Loy's report to Ms. Carr was mandated by VA Code § 63.2-1509.

57. Mr. Loy reminded Ms. Carr that he submitted a report to her about complaints he received from female students alleged that Mr. Handerhan was inappropriately invading their person space.

58. Ms. Carr told Mr. Loy to remain quiet about the allegations against Mr. Handerhan,

59. After Mr. Loy reported what the students had told him, he was treated with hostility by Ms. Carr and Ms. Kuzdzal, including Ms. Kuzdzal shouting at Mr. Loy in public on or around February 21, 2018.

### Mr. Loy Submitted a Complaint if Discrimination

60. On February 21, 2018, Mr. Loy emailed Ms. Carr complaining about the disparate treatment he was receiving in comparison to Mr. Sullivan.

61. Mr. Loy complained that Mr. Sullivan was receiving assistance from the administration while Mr. Loy was not.

62. Mr. Loy expressly complained that Ms. Carr and Ms. Kuzdzal were subjecting Mr. Loy to workplace discrimination

### Mr. Loy Was Terminated After His Report and Complaint of Discrimination

63. On March 2, 2018, Defendants held a meeting with Mr. Loy and terminated him.

64. Reverend Frederick Edlefsen informed Mr. Loy that he was being terminated for "certain behaviors."

65. When Mr. Loy requested clarification, he was told the termination was because of supposed "hurt feelings" and an alleged incident of yelling at another teacher who was not identified.

66. When Mr. Loy asked for further details about the allegations used to justify his termination, those present at the meeting were unwilling to provide him more details.

67. Mr. Loy did not yell at another teacher.

### Mr. Loy's Termination Was a Breach of Contract

68. Mr. Loy's Contract with Defendants expressly defines the meaning of termination for "cause" as: "neglect of duty, inadequate or unsatisfactory performance, insubordination, illegal misconduct, inappropriate conduct/communication with a student, dishonesty or noncompliance with the policies or regulations of the Diocese and/or the School."

69. "Hurt feelings" is not expressly in the contract's definition of cause, nor does it fit within any implied definition of the terms stated.

70. The incident of "yelling" at another teacher, even if true, could not constitute grounds for termination for "cause."

71. Therefore, Mr. Loy was not terminated for "cause."

72. The Contract permits termination without cause only for probationary employees, if Mr. Loy's services are no longer needed, or consistent with Defendant's leave requirements under "applicable laws."

73. Mr. Loy was not a probationary employee.

74. Mr. Loy's services were clearly needed by Defendant, since the termination was in the middle of the school year.

75. Defendants did not articulate any "law" which required Mr. Loy's termination.

76. Accordingly, Mr. Loy was not terminated without cause under the terms of his Contract.

77. Therefore, Defendants breached its contract with Mr. Loy by terminating him.

## Misappropriation of Likeness

78. After his termination, Mr. Loy discovered that Defendants were publishing Mr. Loy's picture on Saint Agnes' website.

79. Defendants' published Mr. Loy's picture for advertising purposes or for the purposes of trade.

80. Defendants used Mr. Loy's picture to imply to current and prospective students/parents of students that Mr. Loy still worked for Defendants.

81. Mr. Loy did not provide Defendants written consent to use his picture on Saint Agnes' website.

82. Accordingly, Defendants' utilized Mr. Loy's picture without his authorization in violation of required by Va. Code Ann. § 8.01-40.

83. Defendants' conduct was willful.

## COUNT I: TERMINATION BECAUSE OF AGE

84. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

85. Mr. Loy is fifty-three years old.

86. Defendants were aware of Mr. Loy's age.

87. Mr. Loy was performing his duties consistent with Defendants' expectations prior to his termination.

88. Mr. Loy was subjected to ageist comments while employed by Defendants, demonstrating animus towards the Plaintiff based on his age.

89. Defendants terminated Mr. Loy because of his age in violation of the ADEA.

90. Defendants' violation was willful.

## COUNT II: ADEA RETALIATION

91. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

92. On February 21, 2018, Mr. Loy complained that he was being subjected to workplace discrimination.

93. Mr. Loy's February 21, 2018 complaint was protected activity under the ADEA.

94. Mr. Loy was terminated approximately two weeks after his complaint of discrimination.

95. Defendants terminated Mr. Loy because of his protected activity in violation of the ADEA.

96. Defendants' violation was willful.

## COUNT III: WRONGFUL DISCHARGE

97. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

98. On or around January 17, 2018, Mr. Loy reported several student complaints of abuse to Ms. Carr.

99. Mr. Loy's report to Ms. Carr was mandated by VA Code § 63.2-1509.

100. VA Code § 63.2-1509 requires teachers, such as Mr. Loy, to report potential child abuse to government officials or the person in charge of the institution or department where the teacher works.

101. Ms. Carr was "the person in charge" of Saint Agnes when Mr. Loy reported the potential abuse.

102. Defendants terminated Mr. Loy because of his report of student complaints of abuse.

103. The public policy of the Commonwealth of Virginia, as embodied by VA Code §§ 22.1-291.3 and 63.2-1509, is to protect children from abuse and requires Plaintiff and certain other persons to report child abuse to the appropriate authorities.

104. In reporting the potential abuse to Defendants' management, Plaintiff did precisely what Virginia law required him to do.

105. Had Plaintiff not reported the potential abuse, he could have been subject to a fine pursuant to VA Code § 63.2-1509(D).

106. The statutes in question were enacted to protect public rather than private interests, and Plaintiff is within the class of persons which the statutes are designed to protect.

107. Plaintiff's termination violated well-established public, as established by the above-referenced sections of the Code of Virginia and the common law of Virginia, which as stated, requires Plaintiff and other childcare workers to report child abuse.

<strong><u>COUNT IV: BREACH OF CONTRACT</u></strong>

108. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

109. Mr. Loy and Defendants engaged in a contract for employment.

110. Defendants breached the Contract by terminating Mr. Loy without cause.

### COUNT V: UNAUTHORIZED USE OF PICTURE

111. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

112. Defendants published Mr. Loy's picture on Saint Agnes' website.

113. Defendants' published Mr. Loy's picture for advertising purposes or for the purposes of trade regarding the teaching services provided by Defendants.

114. Defendants used Mr. Loy's picture to imply to current and prospective students/parents of students that Mr. Loy still worked for Defendants.

115. Mr. Loy did not provide Defendants written consent to use his picture on Saint Agnes' website.

116. Accordingly, Defendants' utilized Mr. Loy's picture without his authorization as required by Va. Code Ann. § 8.01-40.

117. Defendants' conduct was willful.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Plaintiff against Defendants;

B. Back pay;

C. Compensatory damages;

D. Liquidated damages;

E. Reinstatement, or front pay in lieu of reinstatement;

F. Pre- and post-judgment interest as may be allowed by law;

G. Damages as authorized by Va. Code Ann. § 8.01-40;

H. Punitive damages;

I. Attorney's fees and costs; and

J. Other such relief as may be appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: September 12, 2018

                                                Respectfully submitted,

                                                /s/ Jeremy Greenberg
                                                Jeremy Greenberg (86165)
                                                1100 Connective Ave., N.W.,
                                                Suite 920
                                                Washington, D.C. 20036
                                                Tel: (202) 293- 0015
                                                Fax: (202) 293-0115
                                                jgreenberg@benefitcounsel.com